UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FELIPE MULERO, | : | |
|     Petitioner, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:07-cv-01557 (VLB) |
| | : | |
| THERESA LANTZ, | : | |
|     Respondent. | : | April 4, 2008 |

MEMORANDUM OF DECISION
DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS

The petitioner, Felipe Mulero, brings this action pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner claims that his trial counsel provided ineffective assistance in connection with the petitioner's conviction on a charge of forgery, for which he received a sentence of five years imprisonment, execution suspended after twenty-five months, followed by five years of probation with special conditions.

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." O'Sullivan, 526 U.S. at 845. The United States Court of Appeals for the Second Circuit requires district courts to conduct a two-part inquiry. First, a petitioner must present "the essential factual and legal premises of his federal constitutional claim to the

highest state court capable of reviewing it." Cotto v. Herbert, 331 F.3d 217, 237 (2d Cir. 2003) (citation omitted). The state courts otherwise will not have had an opportunity to correct the alleged errors. See O'Sullivan, 526 U.S. at 845 (if petitioner raises different factual issues under the same legal theory, he is required to present each factual claim to the highest state court in order to exhaust his state remedies). Second, the petitioner must have utilized all available means to secure appellate review of his claims. Galdamez v. Keane, 394 F.3d 68, 73-74 (2d Cir. 2005).

The United States Supreme Court has cautioned that an exception to the exhaustion requirement is appropriate only where there is no opportunity to obtain redress in state court or where the state corrective procedure is so clearly deficient that any attempt to obtain relief is rendered futile. See Duckworth v. Serrano, 454 U.S. 1, 3 (1981); 28 U.S.C. § 2254(b)(1)(B)(ii) (exhaustion not required if "circumstances exist that render such process ineffective to protect the rights of the applicant"). The Second Circuit has excused exhaustion as futile when presentation of the claim would be procedurally barred by the state court; see, e.g., Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2001); or when the petitioner would be subject to inordinate delay. See, e.g., Brooks v. Jones, 875 F.2d 30, 31 (2d Cir. 1989).

The petitioner states that his habeas corpus petition is pending before the state court but he "cannot proceed due to prejudice." [Doc. #3, p. 2, ¶ 5] That unsupported allegation of prejudice fails to satisfy the criteria to excuse the

exhaustion requirement. The Court concludes that jurists of reason would not find it debatable that the petitioner has failed to exhaust his state court remedies. Thus, a certificate of appealability will not issue. See <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).

The petition for a writ of habeas corpus is DISMISSED without prejudice for failure to exhaust state court remedies. The Clerk is directed to close this case.

                                          IT IS SO ORDERED.

                                          /s/
                                  Vanessa L. Bryant
                                  United States District Judge

Dated at Hartford, Connecticut: April 4, 2008.